UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GARY D. WHIDBY,<br><br>    Plaintiff,<br>v.<br><br>ALW SOURCING, LLC,<br>a Maryland limited liability company,<br><br>and<br><br>NCO PORTFOLIO MANAGEMENT, INC., a Delaware corporation.<br><br>    Defendants. | Civil Action File No:<br><br>_____<br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff GARY D. WHIDBY brings this action against Defendant ALW SOURCING, LLC ("ALW") and Defendant NCO PORTFOLIO MANAGEMENT, INC. (NCO) on the grounds set forth herein.

# INTRODUCTION

1. This is an action for actual and statutory damages, attorney's fees, and costs of this action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and treble damages, attorney's fees and

costs of this action brought pursuant to Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-391 *et seq*.

2. Defendants violated the FDCPA by attempting to collect a debt that Plaintiff did not owe.

3. Defendants violated the FBPA when it violated the FDCPA.

## JURISDICTION

4. This Court has proper subject matter and personal jurisdiction.

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this Court because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

*Plaintiff*

7. Plaintiff is a natural person who resides in the County of Rockdale, State of Georgia.

8. Plaintiff is a "consumer" as that term is defined by the FDCPA.

*Defendant ALW*

9. Defendant ALW is a Maryland corporation.

10. Defendant ALW's registered agent is The Corporation Trust Incorporated.

11. The office of Defendant ALW's registered agent is located at 351 West Camden Street, Baltimore, Maryland  21201.

12. Defendant ALW's registered agent may be served with legal process at the aforesaid address.

13. Defendant ALW is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

14. Defendant ALW does not maintain a place of business in Georgia.

15. Defendant ALW does not keep assets in Georgia.

*Defendant NCO*

16. Defendant NCO is a Delaware corporation.

17. Defendant NCO's registered agent is NCO Funding, Inc.

18. The office of Defendant NCO's registered agent is 1201 Market St., Suite 800, Wilmington, New Caste County, Delaware 19801.

19. Defendant NCO's registered agent may be served with legal process at the aforesaid address.

20. Defendant NCO is a "debt collector" as that term is defined by the FDCPA. 15 U.S.C. § 1692a(6).

21. Defendant NCO does not maintain a place of business in Georgia.

22. Defendant NCO does not keep assets in Georgia.

## FACTUAL ALLEGATIONS

23. Defendants were engaged in the collection of a consumer debt allegedly owed by Plaintiff.

24. Plaintiff had been indebted to MBNA America Bank, N.A.

25. The debt was for personal purchases.

26. Defendant NCO purchased the debt.

27. Defendant NCO is the assignee of MBNA America Bank, N.A.

28. Defendant NCO retained Mann Bracken LLP to collect the debt.

29. On behalf of Defendant NCO, Mann Bracken LLP filed an arbitration action against Plaintiff.

30. Plaintiff paid off the debt to Defendant NCO through payments to Mann Bracken LLP.

31. On or about August 27, 2009, Mann Bracken LLP filed a request in the arbitration action that the arbitration action be dismissed.

32. Mann Bracken LLP certified that Plaintiff "had Paid and Satisfied the obligation owed to Claimant."

33. The Claimant was Defendant NCO.

34. A true and correct copy of said filed request is attached hereto as Exhibit "A," except that Plaintiff's address has been redacted.

35. Defendant NCO subsequently assigned the debt to Defendant ALW for collection.

36. On or about May 11, 2010, Defendant ALW mailed a collection letter to Plaintiff claiming that Plaintiff owed Defendant NCO $44,936.45 (the "May 11th Letter").

37. A true and correct copy of the May 11th Letter is attached hereto as Exhibit "B," except that Plaintiff's address and account number have been redacted.

38. At the time that Defendant ALW sent Plaintiff the May 11th Letter, Plaintiff was not indebted to Defendant NCO.

39. Defendant NCO knew or should have known that Plaintiff was not indebted to Defendant NCO at the time that Defendant ALW sent the May 11th Letter to Plaintiff.

40. Defendant ALW knew or should have known that Plaintiff was not indebted to Defendant NCO at the time that Defendant ALW sent the May 11th Letter to Plaintiff.

41. Plaintiff was very upset when he received the May 11th Letter.

42. Defendants' actions caused Plaintiff emotional distress.

43. At all relevant times, Mann Bracken LLP was acting as the agent of Defendant NCO.

44. At all relevant times, Defendant ALW was acting as the agent of Defendant NCO.

45. The acts of Defendants were intentional.

## CAUSES OF ACTION

## COUNT ONE: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The conduct of Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e and 1692(e)2, when Defendants attempted to collect a debt that Plaintiff had paid.

48. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

49. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to statutory damages of $1,000.00, actual damages and reasonable attorney's fees and costs.

50. Plaintiff reserves the right to amend this Complaint as provided by law.

## COUNT TWO: VIOLATIONS OF

## GEORGIA'S FAIR BUSINESS PRACTICES ACT

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The purpose of the FBPA is "to protect consumers and legitimate business enterprises from unfair or deceptive practices in the conduct of any trade or commerce in part or wholly in the state." O.C.G.A. § 10-1-391(a).

53. A violation of the FDCPA also constitutes a violation of the FBPA. 1st Nationwide Collection Agency, Inc. v. Werner, 288 Ga.App. 457, 654 S.E.2d 428 (2007); Gilmore v. Account Management, Inc., 357 Fed.Appx. 218 (11th Cir. 2009).

54. Defendants' acts violated the FDCPA.

55. Defendants' acts violated the FBPA.

56. Defendants' acts in violation of the FDCPA and FBPA were intentional.

57. Pursuant to the FBPA, Defendants are liable to Plaintiff for an award of three times Plaintiff's damages.

58. Pursuant to the FBPA, Plaintiff is entitled to an award of reasonable attorney's fees and expenses of litigation.

## TRIAL BY JURY

59. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant:

- for an award of statutory damages in the amount of $1,000.00 pursuant to the FDCPA;

- for an award of general damages pursuant to the FDCPA;

- for an award of treble damages pursuant to the FBPA;

- for an award of costs of litigation and reasonable attorney's fees pursuant to the FDCPA and FBPA; and

- for such other and further relief as may be just and proper.

Dated: May 11, 2011                                 Respectfully submitted,

**THE KOVAL FIRM, LLC**

By: s/Steven H. Koval
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local R. 7.1(D), this is to certify that the foregoing complies with the font and point setting approved by the Court in Local R. 5.1(B).  The foregoing COMPLAINT was prepared on a computer, using Times New Roman 14 point font.

This 11th day of May, 2011

s/Steven H. Koval
Steven H. Koval
Attorney for Plaintiff
Georgia Bar No. 428905

THE KOVAL FIRM, LLC
3575 Piedmont Road
15 Piedmont Center, Suite 1020
Atlanta, GA  30305
Telephone:  (404) 513-6651
Facsimile: (404) 549-4654
SHKoval@aol.com